Mr. Walt Patterson, Director Arkansas Department of Human Services 326 Donaghey Building 7th and Main Streets Little Rock, Arkansas 72203-1437
Dear Mr. Patterson:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act, (FOIA) which is codified at A.C.A. 25-19-101, et seq. You have posed two questions, both based upon the following facts supplied by you or your staff: The Gyst House (the Provider) is a service provider which contracts with the Department of Human Services (the Department) on the condition that the Provider supplies matching funds. In this case, the Provider gathers its matching funds from a private business operated by, but separate from, the Provider. The Department has no contractual ties with the independent business.
Specifically, you wish to know if the absence of any pre-1987 records of the Provider's independent business is a violation of the Freedom of Information Act (FOIA). You have also asked whether the records of the independent business are subject to the Act.
We will first address your final question. Arkansas Code Annotated 25-19-103(1) must be considered in this regard wherein it states:
 "Public records" means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds.
The Department has previously determined that the Provider is subject to the FOIA and its various provisions mandating the production of documents for public inspection. The question here turns on whether a subsidiary of the Provider is subject to the Act.
Based on the information supplied by the Department, it is my opinion that the answer to this question is no. Absent a showing that the independent business operated by the Provider is supported in whole or in part by public funds, it must be concluded that the records of the subsidiary are exempt from the Act. It should be noted that if the Department becomes convinced that the independent business is indeed supported by public funds at the present time, or accepts government funding in the future, the result of this opinion my no longer the same.
As to your first question, the Freedom of Information Act imposes no requirements that documents be maintained, but rather provides a mechanism by which records can be reviewed by the public.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.